UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )     CR. No. 04-105-02 S
                                   )
THOMAS GAFFNEY.                    )
_____)

**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

WILLIAM E. SMITH, United States District Judge.

Defendant Thomas Gaffney, acting pro se, has filed a letter dated October 31, 2011, which the Court treats as a Motion (ECF No. 67), seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. A review of the record indicates that Gaffney is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582 because he was sentenced as a career offender, not pursuant to any guideline which has subsequently been reduced. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1.

"[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Diaz, CR No. 99-091-ML, 2011 WL

2551734, at *2 (D.R.I. June 27, 2011) (quoting United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008)); see also United States v. Roa-Medina, 607 F.3d 255, 258 (1st Cir. 2010) (noting that defendant must meet threshold eligibility requirement under § 3582(c)(2), namely that he must have been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission, and that proposed reduction must be consistent with any policy statements issued by the Sentencing Commission). The issue in this case is whether Gaffney was sentenced under a sentencing range which has subsequently been lowered, the crack cocaine guideline range, or one that has not, the career offender range. See United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010) ("If a defendant not designated a career offender was sentenced under the crack cocaine guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the crack cocaine guidelines.").[1]

---

[1] Gaffney's sentence of 200 months is above the crack cocaine guideline range, as it existed at the time of his sentencing, of 151-188 months and below the career offender guideline range of 262-327 months. (Sentencing Tr. 29, 33, Apr. 29, 2005.)

Gaffney argues that he was sentenced to a "non-Career Offender Guideline Sentence of Two-hundred months," (Mot. 2), and that this sentence "reflected an upward departure 'based on' the seriousness of crack cocaine guidelines." (Id. at 3.) The Government responds that Gaffney was sentenced as a career offender and that his sentence was the result of a downward variance from the career offender guideline range. (Gov't's Resp. to Def's Mot. for Reduction of Sentence 1 & n.1, ECF No. 68.) Therefore, in the Government's view, because Gaffney was sentenced as a career offender, his sentence was not based on a guideline range which has been lowered as a result of subsequent amendments. (Id. at 2.)

Presumably, Gaffney's contention that his sentence was "explicitly based on the crack cocaine guidelines," (Mot. 4), is a reference to the Court's statement at the April 29, 2005, sentencing hearing that "a reasonable sentence in this case should be one that reflects to some degree the pre-guideline range. When I say 'pre-guideline,' I mean pre-career offender range." (Sentencing Tr. 32-33, Apr. 29, 2005.) An isolated reference to the crack cocaine guidelines, however, is not sufficient to indicate that the Court based its sentencing determination

3

on those guidelines. See Cardosa, 606 F.3d at 21 ("A mere reference to the lower sentences provided by the crack cocaine guidelines as a reason for a departure or variance is not enough."); Caraballo, 552 F.3d at 9 (rejecting argument that "oblique reference" to crack cocaine guideline was enough to trigger § 3582(c)(2)).

Here, although there is no dispute that Defendant met the criteria for designation as a career offender, (PSR 7; Tr. 10, 22), the Court was clearly troubled by the career offender guideline range as applied to Gaffney. (Tr. 29.) The Court gave two reasons for its unease: first, that there was an inherent unfairness in the difference in the sentences imposed on Gaffney's co-defendant, who did not qualify as a career offender, and that which Gaffney would have received under the career offender guidelines; and, second, that the career offender range overstated Gaffney's criminal history. (Tr. 30-31.) Accordingly, the Court departed from the career offender guideline range and imposed what it considered an appropriate sentence of 200 months. (Tr. 33.)

Despite the variance, Gaffney's sentence was based on a range derived from the career offender guideline range. United States v. Ayala-Pizarro, 551 F.3d 84, 85 (1st Cir.

4

2008). Thus, Amendment 706 did not lower Gaffney's actual sentencing range. Caraballo, 552 F.3d at 11, and he is, therefore, ineligible for a reduction in sentence pursuant to § 3582(c).

For these reasons, and for the reasons stated in the Government's memorandum, Defendant's Motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  May 10, 2013